## EZEKIEL BROWN, for PETER RHEA, v. ANDERTON BROWN.

Court of Common Pleas.   Sussex.   April 27, 1798.

*Wilson's Red Book, 203.*

*Peery* and *Ridgely* for plaintiffs.   *Hale, Miller* and *Vining* for defendant.

Plaintiffs' counsel proved and read an arbitration bond dated February 2, 1790:   A. B. to E. B., penalty £500, award to be indented in writing 30th March, with a probate made before JOHNS, J., at a trial by Jeremiah Brown, acting executor, etc.; and that neither he nor Mary Brown etc., also an award for £68.0.4, dated March 9, 1790, not indented, with a similar probate; a letter, August 3, 1790, acknowledging the debt and proved other acknowledgements by a witness.

Peter Rhea's title to the debt had been filed and was withdrawn.   Defendant's counsel called for it as part of the record. Plaintiffs' counsel then showed it, *viz:*

---

[2] This sentence is illegible in the manuscript.   It is taken from Wells' copy of *Wilson's Red Book* where it is found at *204.*

July 7, 1792.

I, the subscriber, do assign over unto Peter Rhea, or order, a debt due me from Anderton Brown, being £70, or a little more, for which I have this day received value from said Rhea, upon which there is a suit commenced some time ago in Sussex Court.

Ezekiel Brown

Test.
Elisha Cannon
Jeremiah Brown                                    (There was no seal.)

*Vining* moved for a nonsuit on 2 Body Laws 110. The probate of the ground of action ought to have been by Peter Rhea, or at least by the executors jointly with him, Tidd Pr. 22. Affidavit for bail must be jointly by obligee and assignee, 1 Cromp. 38. Affidavit by a third person will not do to hold to bail. By 1 Body Laws 87, a bond assignable must be for payment of money and not for performance of a collateral condition; and then the oaths of both executors are by the Act, 2 Body Laws 110, required, and this and probate is only by the executor, who calls himself the acting one.

BASSETT, C. J. I would observe for myself that it may be considered in the argument that the Act which has been read relates to suits commenced by or against the representatives of deceased persons, and this action was commenced by living parties and must have abated unless for an article in the Constitution, art. VI, s. 11; therefore I wish to have it considered whether this case is within that article.

*Vining.* Plaintiffs have admitted the application by making a probate. The Constitution designed to place the representatives in the suit in the same situation as if a new suit had been commenced against them.

*Miller.* The first suit is presumed to have abated and be now done and gone. By the Constitution, the suit is renewed by *scire facias* instead of original process; the suit is now considered as if originally commenced by Ezekiel Brown's administrators. The Act of Assembly must be supposed to have no application until the time of trial, which is not until now. The defendant may have paid part of the debt pending the suit and then died, and there is the same reason for a probate in case of a revival by *scire facias* as when it was by action. Can it be said that any other person is creditor on this debt but Peter Rhea? Then he alone is the person proper to make the affidavit. [1] Dall. 28. The obligee who is merely nominal cannot, but the person for whose use it is

can release; it is with this view that our act about assignments is made. No person but the real creditor is competent to prove the debt; and the court, [1] Dall. 139, will not permit any collusion between the parties upon the record to the injury of another, 1 Cromp. 30. The plaintiff might have been paid the debt, and the deponent known nothing of it. In England, the suit must have been brought as this suit is, and then the assignee is the proper person to make the affidavit, 1 Cromp. 139.

*Ridgely.* We contend that Rhea is not the plaintiff either in form or substance. [The] Brown's are answerable to Rhea, and the debt is not transferred. If the debt had been assigned to Rhea, he only could have brought suit. Brown has only mortgaged the debt to Rhea in case it should be recovered. [1] Dall. 139 only says that Brown shall prosecute for Rhea. [1] Dall. 28. There was a real assignment; here there is no seal to it and [the assignment] was [made] since the action [was] brought. The putting the name of the person for whose use upon the record is only to prevent the releasing of the action. Nor would the court suffer Rhea to destroy the action without showing his authority from Brown. The Act says, if the plaintiff shall refuse etc., there must be a nonsuit; and a nonsuit could not have been under the first part of the Act. It is not required by the Statute (Tidd Pr. 21) that the plaintiff shall swear, but any other person competent, even plaintiff's wife, may make the affidavit; but our Act requires the plaintiff's probate.

BASSETT, C. J. You need not trouble yourself, sir, on that point.

*Ridgely.* Then how do the present parties come before the court; not by a suit against them but by a continuance of the same suit which is given by the Constitution. The Act says, if any suit shall be brought against an executor or administrator. This Act is a departure from the common law and must be construed strictly and not extended beyond the words to make an inroad upon the common law. In ejectment, plaintiff cannot show title made after his demise, and there must be a cause of action when it is brought; yet it is now required to establish this action by evidence which was not necessary at its commencement. And it is not a new suit, for by the Constitution no suit shall abate, etc. One executor can sue or be sued or prove the will; one executor can bind the estate of the deceased, as in *Train v. Conwell; a fortiori* can one do an act beneficial to the estate. This probate is in proper form and extends, though by one, to the actions of both. But I think a probate is unnecessary.

*Peery.* At the making of a law it is necessary to consider the old law, the deficiency, and the proper remedy. When this law was made, it was, as appears by the preamble, thought necessary to provide for deficiencies of proof of payments that may be within the knowledge of plaintiffs who are demanding against dead men's estates. It is not pretended to be said that if this is the same suit and is a suit between Ezekiel and Anderton Brown that a probate is necessary. One executor can bind the estate, and an executor is never liable if he does not receive. But this oath is of equal effect as the oath of each executor, for this is the probate of the acting executor and is a compliance with the Act of Assembly. The Constitution did not contemplate any alteration in the suit, and, if so, the question as to the probate is at rest.

*Hall.* It cannot be supposed that it was the design of the Constitution that the plaintiff should derive the benefit contended for by him of the omission of the probate upon the continuance by *scire facias,* which he would not have been entitled to in a second action.

BASSETT, C. J. A majority of the Court override the present motion. We differ in sentiments. For my own part, I conceive this Act of Assembly [2 Body Laws 110] does not apply to this case. The Act contemplates two objects. First, that before the executor or administrator pays any debt, the creditor must swear or affirm that etc., as in the Act; this the executor is to do before the receipt of money from executor or administrator. Secondly, if executor or administrator or other person brings a suit against an executor or administrator, he shall be nonsuit without the oath. The present suit was brought by Ezekiel Brown against Anderton Brown as of August, 1791. The parties die; by the Constitution the suit survives. I conceive the Act does not apply to this suit; and the Legislature must have had a prophetic spirit to have formed the Act to this case. Inconveniences may arise, but they will not warrant the court to apply the law to a case not within it. Our powers are judicial, not legislative. Nothing further is necessary to entitle plaintiff now to recover than was necessary when suit was brought. A payment to Rhea, unless taken advantage of after the last continuance and before the next continuance, could not be given in evidence. No evidence can be given out of the issue.

Mr. Rhea was not bound (supposing a probate necessary) to prove the bond and award. Mr. Rhea's endorsement on the suit only secured it to him to prevent Mr. Brown, the plaintiff, from discontinuing; and for this purpose only was it necessary for Mr. Rhea to appear on the record.

One of my brothers, JOHNS, J., is of opinion that the oath of both executors is necessary, and he rather inclines to think the probate should have been made.

---

A bill of exceptions was made and signed as follows:

And now, to wit, on the trial of this cause, the plaintiffs by their counsel learned in the law gave in evidence to the jury the writing obligatory aforesaid called an arbitration bond (*prout* the said writing obligatory and the condition thereof), and also a certain endorsement thereon purporting to be a probate of the said writing obligatory (*prout* the endorsement), and, to maintain the action aforesaid, the said counsel of the plaintiff further gave in evidence to the said jury one other instrument of writing under the hands and seals of D. P., R. C. and I. C., purporting to be an award under the submission aforesaid and a similar probate as aforesaid (*prout* the said award and probate), and also one other instrument of writing purporting to be a letter from Anderton Brown to Ezekiel Brown dated August 3, 1790 (*prout* the said letter). And further to maintain the action aforesaid, the said counsel called and examined before the jury aforesaid a certain Elijah Colbourne, who gave in evidence that sometime in the fall of the year 1790, Ezekiel Brown, being indebted to him, sent him to Anderton Brown to receive a sum of money, that Anderton Brown then acknowledged he was owing Ezekiel Brown money and paid to him, the said Elijah Colbourne, £4.4.9. Whereupon the counsel of the said Francis Brown, administrator aforesaid of the said Anderton Brown, having read in evidence a certain instrument of writing purporting to be an assignment to the said Peter Rhea from the said Ezekiel Brown (*prout* the said assignment), did move the Court that the said plaintiffs should become nonsuit and pay full costs of suit forasmuch as no sufficient probate oath or affirmation had been or was made according to an Act of the General Assembly entitled an etc. (2 Body Laws 110), which said motion and prayer of the counsel of the defendant the Court here did overrule; whereupon the counsel last aforesaid did pray the benefit of an exception to the opinion of the said Court upon the promises and that the Judges of the said Court, or some of them, would to this exception annex their hands and seals according to the statute in such case made and provided etc.

RICHARD BASSETT   (Seal)
DANIEL RODNEY   (Seal)
KENSEY JOHNS   (Seal)

Some difference arose about the heading the bill of exceptions, one party wishing it to be headed as the original suit, the other as the jurors were sworn.

PER CURIAM. You may strike out the heading you have given it and insert the whole docket entry.

———

In the trial, defendant's [counsel] proved the arbitrators all dead and were giving in evidence what they had said on the subject. Plaintiffs' counsel objected to such conversation as improper on this issue of no award.

BASSETT, C. J. (Interrupting defendant's counsel.) Upon this issue, what the arbitrators said is not evidence; if there is any book that says so, show it.

*Vining* wishing to persist, BASSETT, C. J., said what referees or arbitrators have said as such is not admissible as evidence.

*Miller* contended that the award was not good, not being indented.

*Ridgely* found a satisfactory answer to that objection in 2 Bl. Comm. 295, 1 Com.Dig. 541, Barn. 55, Cromp.

Plaintiff had a verdict.

[NOTE.] Want of a seal where required is fatal. Cro.Jac. 278, 1 Str. 116, 1 Bac.Abr. 141.